UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                    No. 02-4017

ANTOINE L. WINFREE,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-145)

Submitted: June 4, 2002

Decided: June 19, 2002

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James Mark Nachman, NACHMAN & KAUFMAN, L.L.P., Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Antoine L. Winfree pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West 2000), but reserved his right to appeal the district court's denial of his motion to suppress a handgun seized from him during a pat-down frisk by police officers responding to a report of gunshots. Finding no error in the district court's determinations, we affirm.

We review the factual findings underlying a motion to suppress for clear error, while the legal determinations are reviewed de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We do not generally review the credibility determinations of the fact finder. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that, in order to conduct an investigatory stop of an individual, a police officer must have an objectively reasonable suspicion of criminal activity. *Id.* at 20-22. The Court subsequently held that, in evaluating police conduct in a *Terry* stop, courts must consider "the totality of the circumstances—the whole picture." *United States v. Sokolow*, 490 U.S. 1, 8 (1989) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)).

Winfree does not contest that the officers responding to a report of gunshots reasonably suspected that a crime had occurred, but contends that the officers lacked reasonable suspicion that he was involved in that criminal activity. Our review of the record convinces us that, when the officers encountered Winfree and another individ-

ual, they reasonably suspected that a crime involving the discharge of a firearm had occurred at or near the location where Winfree was found. Further, when they saw the officers, Winfree and the other individual turned away and moved their hands toward their waists, suggesting they might be hiding something, such as a handgun. The officers reasonably believed that Winfree and the other individual were armed and possibly dangerous. They were therefore justified in conducting a pat-down frisk of those individuals. *See United States v. Moore*, 817 F.2d 1105, 1107 (4th Cir. 1987). The district court did not err in denying Winfree's motion to suppress.

Accordingly, we affirm Winfree's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*